**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW HAMPSHIRE**

In re:

Marc E. Dionne, II,

Debtor.

Case No. 24-10349-KB
Chapter 13

**ORDER GRANTING REQUEST FOR ATTORNEYS' FEES**

The Court has before it the Affidavit of Matthew J. Delude, Esq. in Support of Request for Attorney's Fees (ECF No. 86) (the "**Fee Request**"), and Debtor's Response to Affidavit of Matthew J. Delude, Esq. in Support of Request for Attorneys' Fees (the "**Objection**") (ECF No. 102). The Court has also reviewed the Supplemental Document and Declaration in Support of Fee Request (ECF No. 157) (the "**Declaration**") filed by Attorney Matthew J. Delude, Esq. ("**Movant**") at the request of this Court.

As this Court has jurisdiction to impose sanctions for discovery violations under Federal Rule of Bankruptcy Procedure 2004, this Court also has jurisdiction to determine the amount of attorneys' fees awarded pursuant to this Court's prior orders. *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151, 129 S.Ct. 2195, 174 L.Ed.2d 99 (2009) (finding the "Bankruptcy Court plainly had jurisdiction to interpret and enforce its own prior orders").

In the Fee Request, Movant requests total legal fees in the amount of $15,996.00 in connection with the Motion for Order Compelling Debtor to Produce Documents and Interrogatory Responses as Previously Ordered by the Court and for Sanctions (the "**Motion to Compel**") (ECF No. 41). After reviewing all applicable filings, the Court enters this Order sanctioning the Debtor and awarding fees to Movant in the amount of $3,614.50.

# I. DISCUSSION

## A. Method for Calculating Attorneys' Fees

The First Circuit has adopted the lodestar method for determining the reasonable amount of attorney's fees. *Matalon v. Hynnes*, 806 F.3d 627, 638 (1st Cir. 2015). The lodestar amount is calculated by multiplying the number of hours reasonably expended by the prevailing hourly rate in the community for similar work. The lodestar amount equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424 (1983). First, this requires that the Court "calculate the number of hours reasonably expended by the attorneys for the prevailing party, excluding those hours that are 'excessive, redundant, or otherwise unnecessary.'" *Central Pension Fund of the Int'l Union of Operating Eng'rs & Participating Emps. v. Ray Haluch Gravel Co*., 745 F.3d 1, 5 (1st Cir. 2014) (quoting *Hensley*, 461 U.S. at 434, 103 S.Ct. 1933). Second, the court must identify "a reasonable hourly rate or rates—a determination that is often benchmarked to the prevailing rates in the community for lawyers of like qualifications, experience, and competence." *Id.*

The court may then elect to adjust the lodestar amount, either upward or downward, if the specific circumstances of the case warrant such an adjustment. *Perez-Sosa v. Garland*, 22 F.4th 312, 321 (1st Cir. 2022) (citing *Coutin v. Young & Rubicam P.R., Inc.*, 124 F.3d 331, 337 & n.3 (1st Cir. 1997)) (stating that court may adjust lodestar amount in accordance with twelve factors). The twelve factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; (12) awards in similar cases.

*Diaz v. Jiten Hotel Mgmt.*, 741 F.3d 170, 177 n.7 (1st Cir. 2013) (quoting *Hensley*, 461 U.S. at 430 n.3, 103 S.Ct. 1933) (internal quotations omitted).

The party seeking fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of the attorney's qualifications and skills, and the party seeking reduction of the lodestar amount bears the burden of showing that a reduction is warranted. *Hensley*, 461 U.S. at 437, 103 S. Ct. 1933.

**B. Review of the Fee Request**

This Court must review and examine Movant's billing records to determine whether the fees were reasonable. The Court is then authorized to deduct "those hours that were insufficiently documented or 'duplicative, unproductive, excessive or otherwise unnecessary.'" *E.E.O.C. v. AutoZone, Inc.,* 934 F. Supp. 2d 342, 348 (D. Mass. 2013) (citations omitted).

The Debtor asserted the following objections to the Fee Request: (1) the Movant's inclusion of fees designated as "deficient discovery production" should not be included as they predate the Motion to Compel, (2) the more than fifteen hours of time spent to draft the Motion to Compel was excessive, (3) time spent on clerical tasks are not reimbursable, (4) various time entries are unrelated to the Motion to Compel, and (5) the hourly rate of $400 charged by Movant should be reduced. This Court will address each of the objections below.

**i. Fees incurred for Deficient Discovery Production**

The Debtor objects to the inclusion of $2,111.50 of fees related to deficient discovery production as they predate the Motion to Compel process. This Court agrees with the Debtor that these fees include reviewing documents produced by the Debtor and preparing a letter outlining documents that were not produced. This Court does not believe that these fees were incurred in connection with the Motion to Compel and they will not be awarded to the Movant.

### ii. Fees Incurred in Connection with the Motion to Compel

Movant seeks reimbursement of 14.9 hours related to preparing the Moton to Compel as set forth below:

| Work Date | Timekeeper Name | Work Hours | Work Rate | Work Amount | Matter Name | Narrative |
|---|---|---|---|---|---|---|
| MOTION TO COMPEL | | | | | | |
| 8/30/2024 | Stewart, Angela | 0.2 | $ 320.00 | $ 64.00 | Bankruptcy of Mark E. Dionne, II | Emails from/to M. Delude regarding motion to compel production and for sanctions. |
| 10/24/2024 | Delude, Matthew | 1 | $ 400.00 | $ 400.00 | Bankruptcy of Mark E. Dionne, II | Work on motion to compel discovery |
| 10/25/2024 | Delude, Matthew | 1.5 | $ 400.00 | $ 600.00 | Bankruptcy of Mark E. Dionne, II | Work on discovery deficiency motion |
| 11/4/2024 | Delude, Matthew | 0.4 | $ 400.00 | $ 160.00 | Bankruptcy of Mark E. Dionne, II | Work on discovery motion |
| 11/6/2024 | Delude, Matthew | 0.4 | $ 400.00 | $ 160.00 | Bankruptcy of Mark E. Dionne, II | Continue working on discovery motion |
| 11/12/2024 | Louis, Graham | 4.7 | $ 305.00 | $ 1,433.50 | Bankruptcy of Mark E. Dionne, II | Continue to draft and revise Motion to Compel. |
| 11/13/2024 | Louis, Graham | 2.3 | $ 305.00 | $ 701.50 | Bankruptcy of Mark E. Dionne, II | Edit and revise Motion to Compel. |
| 11/14/2024 | Delude, Matthew | 2.7 | $ 400.00 | $ 1,080.00 | Bankruptcy of Mark E. Dionne, II | Review and revise draft discovery motion; send same to client for review and comment |
| 11/15/2024 | Delude, Matthew | 1.7 | $ 400.00 | $ 680.00 | Bankruptcy of Mark E. Dionne, II | Review and revise draft discovery motion; correspondence with client and team re same and tee up same for filing |

The Motion to Compel was a well-drafted and compelling legal filing, however, 14.9 hours of preparation is excessive under the circumstances. This Court finds that fees of $5,279.50 for a relatively uncomplicated motion to compel is excessive. Other courts have reduced the number of hours expended on such motions that do not require complex legal analysis. *Underdog Trucking, L.L.C. v. Verizon Servs. Corp.*, 276 F.R.D. 105, 111 (S.D.N.Y. 2011) (citing *Rich Prods. Corp. v. Impress Indus.,* No. 05 Civ. 187S, 2008 WL 203020, at *3 (W.D.N.Y. Jan. 23, 2008) (reducing claim for 7.6 hours for simple motion to compel to 3 hours); *Marano v. Aaboe*, No. 05 Civ. 9375(BSJ)(RLE), 2007 WL 3195156, at *4 (S.D.N.Y. Oct. 29, 2007) (reducing claim from 16 hours to 3 hours for motion to compel without complex legal analysis).

This case involved the production of documents by a consumer Chapter 13 debtor in connection with an examination pursuant to Bankruptcy Rule 2004. While Movant was entitled to the documents requested, 14.9 hours for the preparation of the Motion to Compel is excessive under the circumstances. Accordingly, this Court will award five hours of attorney time to Movant in connection with the Motion to Compel, or $2,000.

### iii. Fees Incurred for Clerical Work

The Fee Request includes fees incurred for clerical tasks related to the Motion to Compel. "Clerical (secretarial) work is not compensable because it is considered as part of the overhead expenses incurred by a professional, and as such it is factored in the hourly rate of the professional." *In re Parrilla*, 530 B.R. 1, 20 (Bankr. D.P.R. 2015).

Performing purely administrative tasks, such as drafting non-legal correspondence or compiling trial binders constitutes clerical work that should have been performed by the firm's secretaries and included in counsel's overhead. *Heredia v. Roscoe*, No. 21-CV-198-PB, 2024 WL 1702313, at *5 (D.N.H. Apr. 19, 2024). The following entry is considered clerical, and the fees of $175.50 will not be awarded to Movant:

| Work Date | Timekeeper Name | Work Hours | Work Rate | Work Amount | Matter Name | Narrative |
|---|---|---|---|---|---|---|
| 12/4/2024 | Fincham, Tammy | 0.9 | $ 195.00 | $ 175.50 | Bankruptcy of Mark E. Dionne, II | Prepare hearing binder for hearing on Motion to Dismiss, Motion to Compel and Chapter 13 Plan. |

### iv. Block Billing

While the Debtor did not raise the issue of block billing in the Objection, this Court has an independent duty to review fee requests, even in absence of a specific objection. *In re Molten Metal Tech., Inc.,* 345 B.R. 26 (Bankr. D. Mass. 2006). "Block billing" describes the time-keeping method by which a professional lumps together the total daily time spent working on a matter, rather than itemizing the time expended on a specific task. *Ins. Recovery Grp., Inc. v. Connolly*, 95 F. Supp. 3d 73, 80–81 (D. Mass. 2015). Courts disfavor the use of block billing because it "requires deciphering on the judges' part." *E.E.O.C. v. AutoZone, Inc.*, 923 F. Supp. 2d 342, 355 (D. Mass. 2013). As a result, district courts have broad discretion in reducing fee requests where attorney time records are rife with "questionable entries." *Torres–Rivera v. O'Neill-Cancel,* 524 F.3d 331, 340 (1st Cir. 2008). "The First Circuit has endorsed across-the-board global fee reductions as an appropriate remedy for block billing practices." *AutoZone*, 934 F. Supp. 2d at 355 (citation omitted).

With respect to the entries below, the Court cannot evaluate the reasonableness of the hours expended as the description of the event is lumped together. As the court cannot determine the necessity, reasonableness and compensability of the legal services rendered, the Court will reduce the time spent by 50%, or $1,615:

| Work Date | Timekeeper Name | Work Hours | Work Rate | Work Amount | Matter Name | Narrative |
|---|---|---|---|---|---|---|
| 11/15/2024 | Fincham, Tammy | 1.1 | $ 195.00 | $ 214.50 | Bankruptcy of Mark E. Dionne, II | Proof and edit Motion for Order Compelling Debtor to Produce Documents and Interrogatory Responses. Finalize exhibits thereto. Draft Notice of Hearing and Certificate of Service. Correspondence to Client regarding filing of motion. |
| 11/18/2024 | Delude, Matthew | 0.2 | $ 400.00 | $ 80.00 | Bankruptcy of Mark E. Dionne, II | Review and revise draft notice of hearing and proposed order; correspondence re same; correspondence with ex-wife counsel on motion to compel |
| 11/18/2024 | Fincham, Tammy | 0.9 | $ 195.00 | $ 175.50 | Bankruptcy of Mark E. Dionne, II | Draft Proposed Order and Notice of Hearing on form requested by Clerk of Court. |
| 12/2/2024 | Delude, Matthew | 0.8 | $ 400.00 | $ 320.00 | Bankruptcy of Mark E. Dionne, II | Correspondence re objection to motion to compel; review same; prepare for hearing |
| 12/5/2024 | Delude, Matthew | 0.7 | $ 400.00 | $ 280.00 | Bankruptcy of Mark E. Dionne, II | Prepare for hearing; review new filed schedules and updates |
| 12/6/2024 | Delude, Matthew | 2.6 | $ 400.00 | $ 1,040.00 | Bankruptcy of Mark E. Dionne, II | Travel to and from and attend hearing on pending motions; quick review of pleadings filed in case; draft and send analysis to clients re same |
| 1/2/2025 | Delude, Matthew | 2.8 | $ 400.00 | $ 1,120.00 | Bankruptcy of Mark E. Dionne, II | Final preparations for continued hearing on motion to compel; attend hearing on motion to compel |

### v. Document Review

With respect to the entries below, Movant seeks to be compensated in connection with reviewing documents produced by the Debtor. The Court agrees with the Debtor that these fees should not be permitted as they relate to Movant reviewing documents that the Movant sought to obtain from the Debtor in connection with this case. Additionally, the Movant's use of block billing prevents this Court from determining that any of the fees sought below are reasonable.

Accordingly, the $5,200 in fees below will not be awarded to Movant by this Court:

| Work Date | Timekeeper Name | Work Hours | Work Rate | Work Amount | Matter Name | Narrative |
|---|---|---|---|---|---|---|
| 12/27/2024 | Delude, Matthew | 1 | $ 400.00 | $ 400.00 | Bankruptcy of Mark E. Dionne, II | Begin review of discovery materials produced by Debtor in response to Court order on same; correspondence with opposing counsel re corrupted PDF representing RPD responses |
| 12/28/2024 | Delude, Matthew | 1.7 | $ 400.00 | $ 680.00 | Bankruptcy of Mark E. Dionne, II | Work on discovery review of recently provided discovery |
| 12/30/2024 | Delude, Matthew | 0.1 | $ 400.00 | $ 40.00 | Bankruptcy of Mark E. Dionne, II | Correspondence from opposing counsel re RFPD document that does not open; open new version to confirm can open; correspondence with opposing counsel re same |
| 12/31/2024 | Delude, Matthew | 1 | $ 400.00 | $ 400.00 | Bankruptcy of Mark E. Dionne, II | Reviewing discovery responses; correspondence re same |
| 1/1/2025 | Delude, Matthew | 7.3 | $ 400.00 | $ 2,920.00 | Bankruptcy of Mark E. Dionne, II | Extensive review of discovery responses and documents provided by Debtor in response to discovery requests and Court order on same; sift through pages of duplicates in connection with same; comparison of new Debtor responses with prior requests and discovery deficiency follow up to ascertain selective omissions and issues with Debtor responses; drafting extensive hearing outline for hearing on same; review of file to confirm no prior production of 2023 tax return; review of emails from Debtor for 2023 tax return; review of August 12 email referenced by Debtor as transmitting 2023 tax return; no 2023 tax return filed; review of file on other issues and assertions by Debtor in connection with preparing outline; research re work product case law referenced by Debtor and communication with adversary piece; prepare argument on same; compare new P&L and Balance sheets against prior submissions noting differences; |
| 1/2/2025 | Delude, Matthew | 1.9 | $ 400.00 | $ 760.00 | Bankruptcy of Mark E. Dionne, II | Finish extensive review of discovery responses provided by Debtor in preparation for hearing; finish hearing outline; correspondence with client re same |

**vi. Reasonable Rates**

Movant has the burden to demonstrate the reasonableness of his hourly rate. Therefore, he has to "(1) establish the experience and skills of his lawyers, and (2) to inform the Court of the prevailing market rate in the community for attorneys with such qualifications." *Connolly*, 95 F.Supp.3d at 86 (citations omitted). The First Circuit holds that this Court may reduce an hourly rate based on the type of work performed during the matter. *Bogan v. Boston,* 489 F.3d. 417, 429 (1st Cir. 2007). In the Objection, the Debtor argued that the hourly fee of $400 charged by Movant was unreasonable, but failed to provide a basis for what this Court should consider is a reasonable rate.

In this case, Movant submitted the Declaration supporting his hourly rate. Attorney Delude is a shareholder at Bernstein, Shur, Sawyer & Nelson, P.A., a respected large regional law firm with a national bankruptcy practice. In the Declaration, Attorney Delude detailed his extensive bankruptcy experience, which included, *inter alia*, representing creditors and debtors in complex bankruptcy proceedings.

Based on the Declaration and its supporting documentation, this Court finds that the hourly rates set forth in the Fee Request are reasonable and they will not be reduced by this Court.[1] The Court is satisfied that the hourly rates contained in the Fee Request are reasonable.

## II. CONCLUSION

The Court reduces Movant's Fee Request of $15,996 by $12,381.50 as follows: $2,111.50 in fees incurred for deficient discovery production; $3,279.50 in connection with the Motion to Compel; $175.50 for uncompensable clerical work; $1,615 for impermissible block billing; and $5,200 reduced in connection with document review. However, the Court approves Movant's hourly

[1] The Court permitted the Debtor to respond to the Affidavit by September 8, 2025 if he desired. No response was filed with the Court.

rates. Accordingly, it is hereby ordered that Movant is awarded **$3,614.50**.

Date: September 10, 2025

/s/ Kimberly Bacher
Kimberly Bacher
Chief Bankruptcy Judge